Leonard L. Fiítz, J.
The interesting and perhaps novel question that emerges on this motion is whether collateral estpppel precludes plaintiff’s right to recover in this action.
Briefly stated, the plaintiff in this action was one of several defendants in the first action in which the present defendant Was the plaintiff. In the first action, the plaintiff (the defendant here) recovered a judgment against another defendant after a jury verdict in which the plaintiff in this action was exonerated as a defendant in the first action.
The defendant in the present action now relies upon collateral estoppel to defeat the present plaintiff’s claim, urging that since he was found to be free of contributory negligence in the first action, such a finding is sufficient to estop the plaintiff’s claim in the present action. It is this contention that the court herein rejects.
In Nesbitt v. Nimmich (30 N Y 2d 622 [1972]) the Court of Appeals addressed itself to a similar situation which beats anaylsis as it, relates to some degree to the instant question. (See, also, Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65; B. R. DeWitt, Inc. v. Hall, 19 N Y 2d 141.)
In - Nesbitt, the first action was brought by Hoyt against Nesbitt and Nimmich; the jury rendered a verdict in favor of Hoyt against Nimmich only. Subsequently, an action was brought by Nesbitt against Nimmich in which Nesbitt urged that the jury’s finding in the first action absolved Nesbitt, by implication, of any negligence (contributory or otherwise) and that as such he should be entitled to judgment against Nimmich by reason of the application of collateral estoppel. In rejecting the plaintiff’s argument, the Court of Appeals (pp. 623, 624), with but one dissent, stated: “ the present plaintiff was exonerated as a- defendant in the first action and it was he who relied Upon collateral estoppel to obtain recovery; that it did not necessarily follow that he could prove he was free from contributory negligence merely because the passenger who sued him was unable to establish his negligence by a fair preponderance of the evidence; that the shift in status from defendant to plaintiff carried with it a corresponding shift in the burden of proof; that he might have been exonerated as a defendant in the first action because the evidence of his negligence was evenly balanced and, as a defendant, such a balance was enough but, as a plaintiff, it was not, and that to reach a contrary conclusion would be to create a serious distortion in the existing evidentiary burdens in negligence cases,”
The distinction between the Nesbitt case and the instant one is that in Nesbitt it was the plaintiff who urged the application *223 of the doctrine of collateral estoppel in support of his recovery, while in the instant case, it is the defendant who urges the application of the doctrine of collateral estoppel in order to defeat recovery.
Notwithstanding the direction of the thrust in extending the rationale of the Nesbitt case to the instant situation, this court recognizes full well that although the source of energy has shifted, the principle of law has not.
Accordingly, the motion seeking leave to amend the answer to plead the affirmative defense of res judicata is denied.